**The STATE of Texas, Appellant,**

v.

**Keithad Lamon LaRUE and Sammey Ray Lusk, Appellees.**

**Nos. 13–98–279–CR, 13–98–280–CR.**

Court of Appeals of Texas, Corpus Christi.

July 26, 2001.

M.P. 'Dexter' Eaves, Dist. Atty., Michael M. Kelly, Asst. Dist. Atty., Victoria, Mat-thew W. Paul, State Atty., Austin, for the State.

Lane W. Vaughn, Houston, for Appellee Lamon.

W.A. 'Bill' White, Victoria, for Appellee Lusk.

Before Justices YAÑEZ, RODRIGUEZ, and KENNEDY.[1]

## OPINION

Opinion by Justice KENNEDY.

This appeal is before this Court upon abatement and remand by the Texas Court of Criminal Appeals[2] with instructions that we address the State's arguments concerning the question of the officer's legal justification for seizing a car apart from any issue as to the presumption under Section 31.04(b)(2) of the Penal Code.[3] The car was shown to contain rocks of cocaine. The car was a rental car upon which a "repo" had been requested by the rightful owner, a Florida car rental company. We held that the notice requirement contained in 31.04(b)(2) had not been complied with and, therefore, the car was improperly seized.

The court of criminal appeals, in its order, held that we had failed to address whether the officer had reasonable suspicion or probable cause to believe an offense had occurred, apart from the question of whether the officer was legally justified in seizing the car under the provisions of 31.04(b)(2). We will proceed to address this issue. In so doing, we will

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. State v. Larue, 28 S.W.3d 549, 553 (Tex. Crim.App.2000).

3. TEX. PENAL CODE ANN. § 31.04(b)(2) (Vernon 2000).

follow the proposition of law set forth in *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990) (all citations omitted):

> On appeal, the appellate court does not engage in its own factual review but decides whether the trial judge's fact findings are supported by the record. If the trial court's findings of fact are supported by the record, an appellate court is not at liberty to disturb them, and on appellate review, we address only the question of whether the trial court improperly applied the law to the facts.

Also:

> If the trial judge's decision is correct on any theory of law applicable to the case, however, it will be sustained. This principle holds true even when the trial judge gives the wrong reason for his decision.

*Id.* at 543.

In view of the court of criminal appeals' holding that the failure to meet the presumptions [provided for in 31.04(b)(2) ] does not mean that theft of service is not or cannot be proved, we now look to all of the evidence heard by the trial judge to determine whether he abused his discretion in granting the motion to address the evidence found in the trunk of the car.

The evidence heard by the trial judge in the motion to suppress includes the following:

On November 5, 1997, Officer Louis Boldt was patrolling the Anna Blackley government housing development in Victoria County. Boldt had been assigned to patrol government housing for four years. Boldt encountered appellee LaRue and, because he was not familiar with LaRue, asked for identification and ran a warrant check on him. When the check came back showing there were no warrants out on LaRue, Boldt thanked him and began walking back to his personal truck to continue patrolling the area.

While returning to his truck, Boldt briefly encountered a second individual, later identified as appellee Lusk, near a new white Chevrolet Cavalier convertible parked on the street. Not recognizing the car, Boldt decided to run a license plate check. Boldt drove his truck down the block and waited for the check to be completed. While waiting, Boldt observed Lusk and LaRue get into the car along with two women and an infant.

The license check reflected that the car, which had Texas license plates, was registered to a Florida rental car company. Boldt decided to speak with appellees about the status of the car. Boldt drove his truck back down the street and parked behind the car which had the ignition on but had not yet been moved. Boldt got out of his truck and began walking toward the car, at which time Lusk got out of his car and approached Boldt.

Lusk informed Boldt that he did not have a driver's license with him, nor did he have a rental contract for the car. Lusk gave Boldt what he said was his driver's license number, identified himself as Sammey Johnson, and gave his date of birth. Boldt ran a check on the driver's license number and found that it did not belong to Sammey Johnson, but was the number of an entirely different individual. In addition, when Boldt ran a check on the name Sammey Johnson and the date of birth, he found no record of any such person.

Lusk told Boldt that the car was a rental but that he did not know whether or not his name was on the rental contract as a permitted driver. Lusk explained that his brother had rented the car in Florida and then driven to Texas at which time his brother had allowed Lusk to drive the car for the days remaining on the contract. Boldt decided to contact the rental car

company to determine whether Lusk was authorized to have the car.

Boldt had the dispatcher call the rental company and inquire as to whether Sammey Johnson was listed on the contract as a driver. The rental company responded that the credit card used to rent the car had been declined, the car was nine days overdue for return, and the company had placed a "repo" on the car and wanted Boldt to take possession of it. Boldt informed appellees of these facts, stated that he would be impounding the car, and asked for the keys.

Boldt asked appellees if there was any personal property in the car which they wanted returned to them before the car was impounded. Lusk replied that some of his personal property was in the passenger compartment of the car. While emptying the passenger compartment of Lusk's personal property, Boldt discovered some papers indicating that Lusk, who had identified himself as Sammey Johnson, was actually Sammey Ray Lusk.

Appellees then told Boldt that there was additional personal property, belonging to both of them, in the trunk of the car. Boldt opened the trunk to give appellees the remaining personal items and discovered plastic bags containing what appeared to be a number of rocks of crack cocaine.

Article 18.16 of the Texas Code of Criminal Procedure provides:

> All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay.

TEX.CODE CRIM. PROC. ANN. art. 18.16 (Vernon 1977).

Article 31.04(a)(3) of the Penal code provides:

> A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:
>
>> (3) having control of personal property under a written rental agreement, he holds the property beyond the expiration of the rental period without the effective consent of the owner of the property, thereby depriving the owner of the property of its use in further rentals.

TEX. PENAL CODE ANN. § 31.04(a)(3) (Vernon 2000).

The evidence heard by the trial judge during the hearing on the motion to suppress was undisputed. We hold that the trial court erred in suppressing the evidence found in the car because the car could have been seized by virtue of either CCP 18.16, *supra*, or Penal Code § 31.04(a)(3), *supra*. We reverse the holding of the trial court that "the officer had no lawful authority, based upon the evidence as presented, to impound the vehicle, and therefore, it was not a reasonable seizure, and therefore, the evidence is suppressed being the controlled substance as obtained from the search of the truck." We remand the case to the trial court for further proceedings.